**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7722**

PIERCE YARNELL BROWN,

       Petitioner - Appellant,

   v.

R. HUDGINS, Warden,

       Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:20-cv-00108-JPB)

Submitted:  April 29, 2021                             Decided:  May 4, 2021

Before KEENAN, WYNN, and RICHARDSON, Circuit Judges..

Affirmed by unpublished per curiam opinion.

Pierce Yarnell Brown, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierce Yarnell Brown, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on Brown's 28 U.S.C. § 2241 petition in which Brown sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be "inadequate or ineffective" to test the legality of the sentence.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We agree with the district court that Brown has failed to meet the above criteria and, therefore, affirm the dismissal for lack of subject-matter jurisdiction. *Brown v. Hudgins*, No. 5:20-cv-00108-JPB (N.D.W. Va. Sept. 25, 2020); *Wheeler*, 886 F.3d at 423–26 ("[The § 2255(e)] savings clause requirements are jurisdictional."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2